**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

EASTERN DISTRICT OF NEW YORK, BROOKLYN DIVISION

Case number *(if known)* _____     Chapter    **11**

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy                    4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **207 Ainslie, LLC** | |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 46-2849329 | |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **100A Broadway**<br>**# 110**<br>**Brooklyn, NY 11249-6127**<br>Number, Street, City, State & ZIP Code | _____<br>P.O. Box, Number, Street, City, State & ZIP Code |
| **Kings**<br>County | **Location of principal assets, if different from principal place of business** |
| | **207-217 Ainslie St Brooklyn, NY 11211-4810**<br>Number, Street, City, State & ZIP Code |

5. **Debtor's website (URL)** _____

6. **Type of debtor**

   ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

   ☐ Partnership (excluding LLP)

   ☐ Other. Specify: _____

| Debtor | **207 Ainslie, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No.

☐ Yes.

| | District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|---|
| | District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☑ No

☐ Yes.

| | Debtor | _____ | | | Relationship | _____ |
|---|---|---|---|---|---|---|
| | District | _____ | When | _____ | Case number, if known | _____ |

Debtor   **207 Ainslie, LLC**
_____     Case number (*if known*) _____
       Name

| | |
|---|---|
| **11. Why is the case filed in this district?** | *Check all that apply:* <br> ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. <br> ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No <br> ☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed. <br><br> **Why does the property need immediate attention?** (*Check all that apply.*) <br> ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety. <br>     What is the hazard? _____ <br> ☐ It needs to be physically secured or protected from the weather. <br> ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options). <br> ☐ Other _____ <br> **Where is the property?** _____ <br>     Number, Street, City, State & ZIP Code <br> **Is the property insured?** <br> ☐ No <br> ☐ Yes.   Insurance agency _____ <br>         Contact name _____ <br>         Phone _____ |

| | **Statistical and administrative information** |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:* <br> ■ Funds will be available for distribution to unsecured creditors. <br> ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors. |

| **14. Estimated number of creditors** | ■ 1-49 <br> ☐ 50-99 <br> ☐ 100-199 <br> ☐ 200-999 | ☐ 1,000-5,000 <br> ☐ 5001-10,000 <br> ☐ 10,001-25,000 | ☐ 25,001-50,000 <br> ☐ 50,001-100,000 <br> ☐ More than100,000 |
|---|---|---|---|
| **15. Estimated Assets** | ☐ $0 - $50,000 <br> ☐ $50,001 - $100,000 <br> ☐ $100,001 - $500,000 <br> ☐ $500,001 - $1 million | ☐ $1,000,001 - $10 million <br> ■ $10,000,001 - $50 million <br> ☐ $50,000,001 - $100 million <br> ☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion <br> ☐ $1,000,000,001 - $10 billion <br> ☐ $10,000,000,001 - $50 billion <br> ☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0 - $50,000 <br> ☐ $50,001 - $100,000 <br> ☐ $100,001 - $500,000 <br> ☐ $500,001 - $1 million | ■ $1,000,001 - $10 million <br> ☐ $10,000,001 - $50 million <br> ☐ $50,000,001 - $100 million <br> ☐ $100,000,001 - $500 million | ☐ $500,000,001 - $1 billion <br> ☐ $1,000,000,001 - $10 billion <br> ☐ $10,000,000,001 - $50 billion <br> ☐ More than $50 billion |

Debtor    207 Ainslie, LLC
_____                    Case number (*if known*) _____
          Name

▊     **Request for Relief, Declaration, and Signatures**
_____

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment
for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature**
**of authorized**
**representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **April 1, 2016**
_____
               MM / DD / YYYY

X _____                    **Harry Einhorn**
   Signature of authorized representative of debtor    Printed name

Title   **Manager**
_____

**18. Signature of attorney**

X _____                    Date **April 1, 2016**
   Signature of attorney for debtor                        MM / DD / YYYY

_____
Printed name

**Goldberg Weprin Finkel Goldstein LLP**
_____
Firm name

**1501 Broadway 22nd Floor**
**New York, NY 10036**
_____
Number, Street, City, State & ZIP Code

Contact phone   **(212) 221-5700**         Email address _____

_____
Bar number and State

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                              Chapter 11

207 Ainslie, LLC,                                   Case No.

                        Debtor.
-------------------------------------------------------------x

## CORPORATE RESOLUTION

At a special meeting of the members and managers of 207 Ainslie, LLC (the

"Company") held on April 1, 2016 and upon the consent of the members present, and after a motion

duly made and unanimously carried, it is:

> **RESOLVED**, that Harry Einhorn is authorized and empowered to
> cause the filing of a petition under Chapter 11 of the United States
> Bankruptcy Code to be made on behalf of the Company and that
> the same is in the best interests of the Company and its creditors;
> and that Harry Einhorn is also authorized to take all necessary and
> proper action in connection with the prosecution of the filing of the
> Chapter 11 petition, including the retention of the law firm of
> Goldberg Weprin Finkel Goldstein LLP for that purpose.

Dated: Brooklyn, New York
         April 1, 2016

                              207 Ainslie, LLC

                    By:    _____
                              Harry Einhorn, Manager

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                      Chapter 11

207 Ainslie, LLC,                                           Case No.

                              Debtor.
-------------------------------------------------------------x

## EQUITY HOLDERS

          Harry Einhorn                    100% Member and Manager


Dated: Brooklyn, New York
        April 1, 2016


                              207 Ainslie, LLC


                    By:    _____
                              Harry Einhorn, Manager

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:                                                         Case No.

207 Ainslie, LLC,                                              Chapter 11

                                  Debtor.

-----------------------------------------------------------------x

## <u>SCHEDULE OF PENDING LAWSUITS</u>

1.     <u>Conselyea Street Block Association, Inc. v. 207 Ainslie, LLC, et al.</u>
       Supreme Court, Kings County, Index No. 15873/2014

Plaintiff's Attorneys:

| | |
|---|---|
| Marc Aronson, Esq.<br>107 Smith Street<br>Brooklyn, New York 11201 | Brooklyn Legal Services Corporation<br>260 Broadway, Suite 2<br>Brooklyn, New York 11211<br>Attn: Martin S., Needelman, Esq |
| New York City Law Department<br>Office of Corporation Counsel<br>100 Church Street<br>New York, New York 10007<br>Attn: Todd A. Kirchmar, Esq. | Attorneys for 207 Ainslie, LLC<br>Sidrane & Schwartz-Sidrane, LLP<br>119 N. Park Avenue, Suite 201<br>Rockville Centre, New York 11570<br>Attn: Steve Sidrane, Esq. |

2.     <u>207 Ainslie, LLC v. Conselyea Street Block Association, Inc., et al.</u>
       Civil Court, Kings County, L&T Index No. 56109/2014

| | |
|---|---|
| Attorneys for 207 Ainslie, LLC<br>Sidrane & Schwartz-Sidrane, LLP<br>119 N. Park Avenue, Suite 201<br>Rockville Centre, New York 11570<br>Attn: Steve Sidrane, Esq. | New York City Law Department<br>Office of Corporation Counsel<br>100 Church Street<br>New York, New York 10007<br>Attn: Todd A. Kirchmar, Esq. |

Attorneys for Respondents:

| | |
|---|---|
| Marc Aronson, Esq.<br>107 Smith Street<br>Brooklyn, New York 11201 | Brooklyn Legal Services Corporation<br>260 Broadway, Suite 2<br>Brooklyn, New York 11211<br>Attn: Martin S., Needelman, Esq |

Dated: Brooklyn, New York
April 1, 2016

207 Ainslie, LLC

By: _____
Harry Einhorn, Manager

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                      Chapter 11

207 Ainslie, LLC,                                           Case No.

                                    Debtor.
---------------------------------------------------------------x

## RULE 7.1 CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1, 207 Ainslie, LLC, the

Debtor herein, certifies that it is a private non-governmental entity, and has no corporate

parent, affiliates and/or subsidiaries which are publicly held.


Dated: Brooklyn, New York
       April 1, 2016

                                         207 Ainslie, LLC

                        By:    _____
                               Harry Einhorn, Manager

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                              Chapter 11

207 Ainslie, LLC,                                   Case No.

                              Debtor.
-------------------------------------------------------------x

## DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULES

      HARRY EINHORN, declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

      1.    I am the sole member and manager of 207 Ainslie, LLC (the "Debtor"), which owns certain commercial real property located at 207-217 Ainslie Street, Brooklyn, New York (the "Property").

      2.    I submit this Declaration in accordance with Local Bankruptcy Rule 1007-4 in support of the Debtor's filing of a voluntary petition ("Petition") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

### Material Events Leading to the Need for Chapter 11

      3.    The Property is currently occupied by a holdover tenant known as Conselyea Street Block Association, Inc. ("Conselyea"), which pays use and occupancy of $40,000 per month pending its eviction.  Conselyea apparently obtained possession of the Property through an arrangement with the New York City Department of General Services (the "City") in 1996, although the specific relationship between the City and Conselyea is unclear since Conselyea operated without a formal sublease. Historically, Conselyea operated a senior citizen center and day care.

4.      In any event, in 2012, the City exercised a right to terminate its lease relating to the Property effective October 31, 2013.  During the ensuing year, the Debtor purchased the Property from the prior owner in late November 2013, after the City's termination of lease had become effective.  The Debtor acquired the Property for residential development purposes and has expended significant sums in order to obtain various approvals.  Thus, this is a multi-party bankruptcy and the Debtor lists more than a dozen unsecured creditors with relatively significant claims.

5.      Following the Debtor's acquisition, the Property became subject to litigation first instituted by Conselyea in which Conselyea and later the City separately alleged a right of first refusal to purchase the Property under the since-terminated lease.  These claims effectively attempt to negate the Debtor's acquisition of the Property.

6.      This litigation started in the Civil Court of Kings County in the context of a landlord-tenant action and morphed into a Supreme Court action instituted by Conselyea, Index No. 15873/2014 (the "State Court Action").

7.      While the State Court Action is ongoing, the Debtor seeks Chapter 11 relief to clarify and establish that neither Conselyea nor the City has a legitimate and proper right of first refusal, and that the Property belongs to the Debtor.  The Debtor has obtained mortgage financing and proceeded with the development in reliance upon its undisputed ownership of the Property.

8.      Moreover, the Debtor understands that the City may not have proper authority to actually repurchase the Property even if the right of first refusal is given effect.

9.      Given these multiple claims, bankruptcy is now believed to be a proper forum to deal with the myriad of issues.

### Summary of State Court Litigation

10.     On May 4, 1996, the City executed a lease (the "Lease") with the then-owner of the Property, Ainslie Street, LLC (the "Seller"), which had a twenty-year term commencing on January 18, 1995.  The Lease was never recorded. Article 27 of the Lease granted the City a right of first refusal to purchase the Premises subject to certain conditions.  At the time the Lease was entered into, Conselyea operated a senior citizen center and day care at the Property pursuant to an arrangement with the City.  Conselyea is not mentioned in the Lease nor given any rights thereunder.

11.     Conselyea and the Debtor subsequently became involved in landlord-tenant holdover proceedings in the Civil Court, Kings County, bearing Index No. 56109/2014.  The landlord-tenant litigation was resolved by an order requiring Conselyea to pay use and occupancy to the Debtor, and directing the Debtor to send Conselyea a contract of sale for the Property with a purchase price of $10,500,0000 based upon Conselyea's expressed interest in purchasing the Property.  The Debtor sent a contract to Conselyea, who never responded or commented on the contract, despite a court order requiring it to do so.

12.     Instead, on November 10, 2014, Conselyea brought an action in the Supreme Court, Kings County, captioned <u>Conselyea Street Block Association, Inc. v. 207 Ainslie, LLC, The City of New York, and Ainslie Street LLC</u>, bearing index number 15873/2014. In the State Court Action, Conselyea seeks a declaration that, as the purported "true" tenant under the Lease, it is entitled to repurchase the Property pursuant to the right of first refusal.  The City asserted cross-claims against Seller and the Debtor for a declaration that the City retained the exclusive right to exercise the right of first refusal to repurchase the Property for the alleged purchase price of $4,500,000.

13.     The City moved for summary judgment on December 1, 2015, seeking the dismissal of Conselyea's complaint and the granting of the City's cross-claim. The Debtor has opposed the summary judgment motion, arguing, _inter_ _alia_, that the City had no valid right of first refusal when the Debtor entered into a contract to purchase the Property. Even if the right of first refusal were applicable, the current fair purchase price of the Property is approximately $14 million.

## Assets and Capital Structure

14.     Pursuant to Local Rule 1007-4(a)(iii-iv), no committees were formed prior to the filing of the Debtor's Petition.

15.     Pursuant to Local Rule 1007-4(a)(v), a list containing the names and addresses of the creditors holding the twenty (20) largest unsecured claims against the Debtor is attached to the Petition.

16.     The Debtor has only one secured creditor, CTBC Bank which holds a first mortgage in the principal amount of $4,200,000.

17.     Pursuant to Local Rule 1007-4(a)(vii), a summary of the assets and liabilities of the Debtor is set forth in the Schedules.

18.     Pursuant to Local Rule 1007-4(a)(viii), I am the Debtor's sole member and manager.

19.     Pursuant to Local Rule 1007-4(a)(ix), none of the Debtor's property is in the possession or custody of any third party.

20.     Pursuant to Local Rule 1007-4(a)(x), the Debtor is the 100% owner in fee simple of the Property.

22.    Pursuant to Local Rule 1007-4(a)(xi), all of the Debtor's books and records are maintained at the Debtor's offices located at 100A Broadway, #110, Brooklyn, New York.

23.    Pursuant to Local Rule 1007-4(a)(xii), a list of all pending lawsuits is attached to the Petition.

24.    Pursuant to Local Rule 1007-4(a)(xiii), the Debtor has no employees and I do not receive a salary. An outside management group, 437 General Contractors Inc. receives a management fee of $20,000 per month for overseeing and administering the development of the Property.

25.    Pursuant to Local Rule 1007-4(a)(xix-xvi), a proposed 30 day accrual operating budget is attached hereto reflecting monthly mortgage payments of $16,362 and total operating and administrative expenses for the Property of $21,500. The mortgage is current and the Debtor intends to remain current with all debt service obligations pending conclusion of the Chapter 11 case.

Dated:    Brooklyn, New York
          April 1, 2016

                              _____
                              Harry Einhorn

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **207 Ainslie, LLC** |
| United States Bankruptcy Court for the: | **EASTERN DISTRICT OF NEW YORK, BROOKLYN DIVISION** |
| Case number (if known): | |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | *If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim.* | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| AAA Group 135 Lorimer St Brooklyn, NY 11206-4806 | | Surveying Services | | | | $12,500.00 |
| Active Environmental 1274 49th St # 245 Brooklyn, NY 11219-3011 | | Services | | | | $11,600.00 |
| Axle PR 107 Airport Executive Park Nanuet, NY 10954-5261 | | Services | | | | $180,000.00 |
| Boris Saks Esq., PLLC 1732 E 12th St Brooklyn, NY 11229-1014 | | Legal Services | | | | $23,000.00 |
| FCT Construction LLC PO Box 854 Monsey, NY 10952-0854 | | Services | | | | $196,680.00 |
| JDI Brokerage 199 Lee Ave Ste 742 Brooklyn, NY 11211-8919 | | Services | | | | $18,000.00 |
| Republic Valuation 184 Park Ave # 103 Brooklyn, NY 11205-2323 | | Services | | | | $12,000.00 |
| Salamon Engineering 55 W 39th St # 303 New York, NY 10018-0567 | | Services | | | | $14,800.00 |

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

Debtor    207 Ainslie, LLC _____        Case number *(if known)* _____
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Sidraine & Sidraine 119 N Park Ave Ste 201 Rockville Centre, NY 11570-4113** | | **Legal Services** | | | | **$58,000.00** |
| **Strekte LLC PO Box 21041 Brooklyn, NY 11202-1041** | | **Services** | | | | **$260,000.00** |
| **Titan Engineers, P.C 1331 Stuyvesant Ave Union, NJ 07083-5380** | | **Services** | | | | **$14,500.00** |
| **ZCCG Architects 266 Broadway Ste 301 Brooklyn, NY 11211-6306** | | **Architectual Services** | | | | **$78,000.00** |

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name</td><td><strong>207 Ainslie, LLC</strong></td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>EASTERN DISTRICT OF NEW YORK, BROOKLYN DIVISION</td></tr>
<tr><td>Case number (if known)</td><td></td></tr>
</table>

☐ Check if this is an
amended filing

## Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
| --- | --- | --- | --- |

3.   **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*
     Name of institution (bank or brokerage firm)          Type of account          Last 4 digits of account number

|   | 3.1. | **Bank United** | | | $2,125.00 |
| --- | --- | --- | --- | --- | --- |

4.   **Other cash equivalents** *(Identify all)*

5.   **Total of Part 1.** | | $2,125.00 |
     Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and Prepayments |
| --- | --- |

**6. Does the debtor have any deposits or prepayments?**

■ No. Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
| --- | --- |

**10. Does the debtor have any accounts receivable?**

■ No. Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | Investments |
| --- | --- |

**13. Does the debtor own any investments?**

■ No. Go to Part 5.
☐ Yes Fill in the information below.

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

Debtor    __207 Ainslie, LLC_____        Case number *(If known)*    _____
              Name

---

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

---

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

---

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

---

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

---

| Part 9: | Real property |
|---|---|

**54. Does the debtor own or lease any real property?**

☐ No.  Go to Part 10.
■ Yes Fill in the information below.

55.    **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building, if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1.  **207-217 Ainslie St Brooklyn, NY 11211-4810, ,** | Fee Simple | $14,000,000.00 | FMV | $14,000,000.00 |

56.    **Total of Part 9.**                                                                                      | $14,000,000.00 |
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.
Copy the total to line 88.

57.    **Is a depreciation schedule available for any of the property listed in Part 9?**
■ No
☐ Yes

58.    **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
■ No
☐ Yes

---

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

Debtor      **207 Ainslie, LLC**_____          Case number *(If known)* _____
                          Name

| Part 10: | Intangibles and intellectual property |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

■ No. Go to Part 11.
☐ Yes Fill in the information below.

| Part 11: | All other assets |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

■ No. Go to Part 12.
☐ Yes Fill in the information below.

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

Debtor    __207 Ainslie, LLC_____    Case number *(If known)* _____
          Name

<span style="background:black;color:white">Part 12:</span>    **Summary**

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $2,125.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* ..........................................> | | $14,000,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $2,125.00 | + 91b. $14,000,000.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $14,002,125.00 |

| Fill in this information to identify the case: |
| --- |

Debtor name    **207 Ainslie, LLC**

United States Bankruptcy Court for the:    EASTERN DISTRICT OF NEW YORK, BROOKLYN DIVISION

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

■ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
| --- | --- |

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

|  | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
| --- | --- | --- | --- |
| **2.1   CTBC Bank Corp. (USA)**<br>Creditor's Name<br><br>**41-99 Flushing St Fl 2**<br>**Flushing, NY 11355**<br>Creditor's mailing address<br><br>_____<br>Creditor's email address, if known<br><br>Date debt was incurred<br><br>Last 4 digits of account number<br><br>**Do multiple creditors have an interest in the same property?**<br>■ No<br>☐ Yes. Specify each creditor, including this creditor and its relative priority. | Describe debtor's property that is subject to a lien<br>**207-217 Ainslie St Brooklyn, NY 11211-4810, ,**<br><br>Describe the lien<br>_____<br>**Is the creditor an insider or related party?**<br>■ No<br>☐ Yes<br>**Is anyone else liable on this claim?**<br>■ No<br>☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)<br><br>**As of the petition filing date, the claim is:**<br>Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $4,200,000.00 | $14,000,000.00 |

**3.** Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.    | $4,200,000.00 |

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
| --- | --- |

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
| --- | --- | --- |
|  |  |  |

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

**Fill in this information to identify the case:**

Debtor name     **207 Ainslie, LLC**

United States Bankruptcy Court for the:     EASTERN DISTRICT OF NEW YORK, BROOKLYN DIVISION

Case number (if known)     _____

☐ Check if this is an
amended filing

## Official Form 206E/F
# Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2
in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

■ No. Go to Part 2.

☐ Yes. Go to line 2.

**Part 2:    List All Creditors with NONPRIORITY Unsecured Claims**

3.  List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|
| **3.1** Nonpriority creditor's name and mailing address<br>**AAA Group**<br><br>**135 Lorimer St**<br>**Brooklyn, NY 11206-4806**<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Basis for the claim:  **Surveying Services**<br>Is the claim subject to offset? ■ No ☐ Yes | $12,500.00 |
| **3.2** Nonpriority creditor's name and mailing address<br>**Active Environmental**<br><br>**1274 49th St # 245**<br>**Brooklyn, NY 11219-3011**<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Basis for the claim:  **Services**<br>Is the claim subject to offset? ■ No ☐ Yes | $11,600.00 |
| **3.3** Nonpriority creditor's name and mailing address<br>**Axle PR**<br><br>**107 Airport Executive Park**<br>**Nanuet, NY 10954-5261**<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Basis for the claim:  **Services**<br>Is the claim subject to offset? ■ No ☐ Yes | $180,000.00 |
| **3.4** Nonpriority creditor's name and mailing address<br>**Boris Saks Esq., PLLC**<br><br>**1732 E 12th St**<br>**Brooklyn, NY 11229-1014**<br>Date(s) debt was incurred __<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Basis for the claim:  **Legal Services**<br>Is the claim subject to offset? ■ No ☐ Yes | $23,000.00 |

| Debtor | **207 Ainslie, LLC** | Case number (f known) | |
|---|---|---|---|
| | Name | | |

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $196,680.00 |
|---|---|---|---|

**FCT Construction LLC**

PO Box 854
Monsey, NY 10952-0854

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: __Services__

Date(s) debt was incurred __

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

| 3.6 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $18,000.00 |
|---|---|---|---|

**JDI Brokerage**

199 Lee Ave Ste 742
Brooklyn, NY 11211-8919

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: __Services__

Date(s) debt was incurred __

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

| 3.7 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $12,000.00 |
|---|---|---|---|

**Republic Valuation**

184 Park Ave # 103
Brooklyn, NY 11205-2323

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: __Services__

Date(s) debt was incurred __

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

| 3.8 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $14,800.00 |
|---|---|---|---|

**Salamon Engineering**

55 W 39th St # 303
New York, NY 10018-0567

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: __Services__

Date(s) debt was incurred __

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

| 3.9 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $58,000.00 |
|---|---|---|---|

**Sidraine & Sidraine**

119 N Park Ave Ste 201
Rockville Centre, NY 11570-4113

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: __Legal Services__

Date(s) debt was incurred __

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

| 3.10 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $260,000.00 |
|---|---|---|---|

**Strekte LLC**

PO Box 21041
Brooklyn, NY 11202-1041

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: __Services__

Date(s) debt was incurred __

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

| 3.11 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply* | $14,500.00 |
|---|---|---|---|

**Titan Engineers, P.C**

1331 Stuyvesant Ave
Union, NJ 07083-5380

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: __Services__

Date(s) debt was incurred __

Last 4 digits of account number __

Is the claim subject to offset? ■ No ☐ Yes

Debtor    **207 Ainslie, LLC**                                                Case number (if known) _____
_____
Name

| | | |
|---|---|---|
| 3.12 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.*    **$78,000.00** |

**ZCCG Architects**

□ Contingent
□ Unliquidated
**266 Broadway Ste 301**
□ Disputed
**Brooklyn, NY 11211-6306**

**Date(s) debt was incurred** __
Basis for the claim: **Architectual Services**

**Last 4 digits of account number** __
Is the claim subject to offset?  ■ No  □ Yes

---

**Part 3:    List Others to Be Notified About Unsecured Claims**

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

---

**Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. | $ 0.00 |
| **5b. Total claims from Part 2** | 5b. + | $ 879,080.00 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 879,080.00 |

---

| Fill in this information to identify the case: |
| --- |

Debtor name    **207 Ainslie, LLC**

United States Bankruptcy Court for the:    EASTERN DISTRICT OF NEW YORK, BROOKLYN DIVISION

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                 12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.    **Does the debtor have any executory contracts or unexpired leases?**
    ■ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
    ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal    Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
| --- | --- |
| **2.1**    State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract  _____ | _____ |
| **2.2**    State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract  _____ | _____ |
| **2.3**    State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract  _____ | _____ |
| **2.4**    State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract  _____ | _____ |

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

**Fill in this information to identify the case:**

Debtor name __207 Ainslie, LLC__

United States Bankruptcy Court for the: __EASTERN DISTRICT OF NEW YORK, BROOKLYN DIVISION__

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

### 1. Do you have any codebtors?

■ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, **Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| Name / Mailing Address | Street / City State Zip Code | Name | Check all schedules that apply: |
| 2.1 | Street / City State Zip Code | | ☐ D ☐ E/F ☐ G |
| 2.2 | Street / City State Zip Code | | ☐ D ☐ E/F ☐ G |
| 2.3 | Street / City State Zip Code | | ☐ D ☐ E/F ☐ G |
| 2.4 | Street / City State Zip Code | | ☐ D ☐ E/F ☐ G |

---

**Fill in this information to identify the case:**

Debtor name **207 Ainslie, LLC**

United States Bankruptcy Court for the: EASTERN DISTRICT OF NEW YORK, BROOKLYN DIVISION

Case number (if known) _____

☐ Check if this is an amended filing

---

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals     12/15

| Part 1: | Summary of Assets |

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

    1a. Real property:
    Copy line 88 from *Schedule A/B*.................................................. $   **14,000,000.00**

    1b. Total personal property:
    Copy line 91A from *Schedule A/B*............................................. $   **2,125.00**

    1c. Total of all property:
    Copy line 92 from *Schedule A/B*............................................... $   **14,002,125.00**

| Part 2: | Summary of Liabilities |

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*............... $   **4,200,000.00**

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    3a. Total claim amounts of priority unsecured claims:
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*............... $   **0.00**

    3b. Total amount of claims of nonpriority amount of unsecured claims:
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*........... +$   **879,080.00**

4. **Total liabilities** ...............................................
    Lines 2 + 3a + 3b      $   **5,079,080.00**

<table>
<tr><td colspan="2"><b>Fill in this information to identify the case:</b></td></tr>
<tr><td>Debtor name</td><td>207 Ainslie, LLC</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>EASTERN DISTRICT OF NEW YORK, BROOKLYN DIVISION</td></tr>
<tr><td>Case number (if known)</td><td></td></tr>
</table>

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule*
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   April 1, 2016        X _____
                                      Signature of individual signing on behalf of debtor

                                      **Harry Einhorn**
                                      Printed name

                                      **Manager**
                                      Position or relationship to debtor

AAA Group
135 Lorimer St
Brooklyn, NY   11206-4806


Active Environmental
1274 49th St # 245
Brooklyn, NY   11219-3011


Axle PR
107 Airport Executive Park
Nanuet, NY   10954-5261


Boris Saks Esq., PLLC
1732 E 12th St
Brooklyn, NY   11229-1014


CTBC Bank Corp. (USA)
41-99 Flushing St Fl 2
Flushing, NY   11355


FCT Construction LLC
PO Box 854
Monsey, NY   10952-0854


JDI Brokerage
199 Lee Ave Ste 742
Brooklyn, NY   11211-8919

Republic Valuation
184 Park Ave # 103
Brooklyn, NY  11205-2323


Salamon Engineering
55 W 39th St # 303
New York, NY  10018-0567


Sidraine & Sidraine
119 N Park Ave Ste 201
Rockville Centre, NY  11570-4113


Strekte LLC
PO Box 21041
Brooklyn, NY  11202-1041


Titan Engineers, P.C
1331 Stuyvesant Ave
Union, NJ  07083-5380


ZCCG Architects
266 Broadway Ste 301
Brooklyn, NY  11211-6306

**United States Bankruptcy Court**
**Eastern District of New York, Brooklyn Division**

IN RE:                                                    Case No. _____

207 Ainslie, LLC _____    Chapter 11 _____
                          Debtor(s)

## VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) or attorney for the debtor(s) hereby verify that the attached matrix (list of creditors) is true and correct to the best of their knowledge.

Date: **April 1, 2016** _____    _____
                                            Debtor

                                            _____
                                            Joint Debtor

                                            _____
                                            Attorney for Debtor

© 2016 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)