ZACHARY W. CARTER
Corporation Counsel, City of New York
Attorney for City of New York
Of Counsel: Zachary B. Kass
100 Church Street, Room 5-238
New York, New York 10007
(212) 356-2113

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                              Case No.  16-41426-nhl

207 AINSLIE, LLC,                                   Chapter 11

                Debtor.
-------------------------------------------------------X

### STATEMENT OF THE CITY OF NEW YORK REGARDING FILING OF MOTION FOR ABSTENTION AND REMAND OF STATE COURT CIVIL ACTION IN DISTRICT COURT FOR EDNY

The City of New York (the "**City**"), by its attorney ZACHARY W. CARTER, Corporation Counsel of the City of New York, as and for its Statement Regarding Filing of Motion for Abstention and Remand of State Court Civil Action in District Court for EDNY, respectfully states:

      1.      On April 1, 2016 (the "**Petition Date**"), 207 Ainslie, LLC (the "**Debtor**"), filed for Chapter 11 protection under the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, in the case entitled In re 207 Ainslie, LLC, Chapter 11 Case No. 16-41426 (NHL) (the "**Bankruptcy Case**"), in the Bankruptcy Court for the Eastern District of New York (Hon. Nancy Hershey Lord) (the "**Bankruptcy Court**").

      2.      The Removed State Court Action.  Prior to the Petition Date, by summons and complaint dated November 7, 2014, Conselyea Street Block Association, Inc., as plaintiff, commenced an action in the Supreme Court of the State of New York, Kings County against the Debtor, Ainslie Street LLC, and the City, bearing the caption Conselyea Street Block

Association, Inc. v. 207 Ainslie, LLC, The City of New York, Ainslie Street LLC, Index Number 15873/2014 (the "**State Court Action**").

3. On April 19, 2016, the Debtor filed in the District Court for the Eastern District of New York (the "**District Court**") a notice of removal regarding the State Court Action, pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "**Notice of Removal**"). The removed case was assigned to District Judge Nicholas G. Garaufis and Magistrate Judge Vera M. Scanlon. An initial conference was set for May 18, 2016.

4. In accordance with Rule 9027(e)(3) of the Federal Rules of Bankruptcy Procedure, the City filed in the District Court a timely statement in response to the Notice of Removal, in which it denied the Debtor's assertion that the removed State Court Action was a "core" proceeding, and stated that the City did not consent to the entry of a final judgment by the Bankruptcy Court on the claims in the removed action.

5. Prior to discovering that the Debtor had filed the Notice of Removal, the City filed in the Bankruptcy Court a motion for (i) dismissal of the Debtor's bankruptcy case, or, alternatively, (ii) stay relief under § 362(d) of the Bankruptcy Code (the **"Motion for Dismissal"**), which argues that the Chapter 11 case should be dismissed as a bad faith filing, or, in the alternative, for relief from the automatic stay so that the issues raised in the State Court Action can be decided promptly by the State Court.

6. In response to the notice that the District Court had set an initial conference, the Debtor filed on the District Court docket a letter of counsel asserting that the removed State Court Action should be automatically referred to the Bankruptcy Court, and that a preliminary conference was not needed.

7. On May 13, 2016, the District Court entered on the docket the following: "ORDER: In light of the pending motion to Remand to Bankruptcy Court 5 the Initial Conference scheduled for 5/18/2016 is canceled. So Ordered by Magistrate Judge Vera M. Scanlon on 5/13/2016."

8. A review of the dockets for both the District Court and the Bankruptcy Court does not indicate that the Removed Action, in fact, has been referred to the Bankruptcy Court. In order to assure that there will be no ambiguity as to whether the City's motion for abstention and remand of the Removed Action has been timely made, the City filed on May 18, 2016, a motion in the District Court for abstention and remand of the State Court Action (the "**Abstention and Remand Motion**"). Copies of the Notice of Motion, the Memorandum in Support of Motion, and the Declaration in Support of the Motion, are attached hereto collectively as Exhibit "A", for the information of the Bankruptcy Court and the parties.

9. In the event that the removed State Court Action is referred to the Bankruptcy Court, the City respectfully requests that the Bankruptcy Court consider and determine the Abstention and Remand Motion at the earliest date that its calendar will permit.

Dated:    New York, New York
          May 18, 2016

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for the City of New York
                                        100 Church Street, Room 5-238
                                        New York, New York 10007
                                        (212) 356-2113

                                  By:   /s/ Zachary B. Kass____
                                        Zachary B. Kass (ZK-1944)
                                        Senior Counsel