UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- X

CONSELYEA STREET BLOCK ASSOCIATION, INC.,

                      Plaintiff,

-against-

207 AINSLIE, LLC, THE CITY OF NEW YORK, and AINSLIE
STREET, LLC,

                      Defendants.

-------------------------------------------------------------------------- X

Case No.
16 CV 01924 (NGG)(VMS)

### NOTICE OF DEFENDANT CITY OF NEW YORK'S MOTION FOR ABSTENTION AND REMAND OF STATE COURT CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1452(b), 1334(c)(1) and (2), AND FED R. BANKR. P. 9027(d)

**PLEASE TAKE NOTICE**, that upon the accompanying Memorandum of Law and the

Declaration of Todd Krichmar, and all prior pleadings and proceedings had herein, Defendant the City of New York,

by its counsel, ZACHARY W. CARTER, Corporation Counsel of the City of New York, will move this Court

before the Honorable Nicholas G. Garaufis,  United States District Judge, at the United States District Court for the

Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, New York 11201, at a time and date to

be determined by the Court, for an order granting Defendant's Motion for Abstention and Remand of State Court

Civil Action Pursuant to 28 U.S.C. §§ 1452(b), 1334(c)(1) and (2), and Fed R. Bankr. P. 9027(d), and granting

Defendant such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
        May 18, 2016

                    ZACHARY W. CARTER
                    Corporation Counsel of the City of New York
                    Attorney for the City of New York

              By:     /s/ Zachary B. Kass_____
                      Zachary B. Kass
                      Senior Counsel
                      100 Church Street
                      New York, New York 10007
                      Tel.  (212) 356-2113
                      Fax  (212) 356-4066
                      zkass@law.nyc.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

CONSELYEA STREET BLOCK ASSOCIATION,
INC.

                                        Plaintiff,

                                                              16 CV 01924 (NGG)(VMS)

               -against-

207 AINSLIE, LLC, THE CITY OF NEW YORK,
and AINSLIE STREET, LLC,

                                        Defendants.

------------------------------------------------------------X

**DEFENDANT CITY OF NEW YORK'S MEMORANDUM
OF LAW IN SUPPORT OF MOTION FOR ABSTENTION
AND REMAND OF STATE COURT CIVIL ACTION
PURSUANT TO 28 U.S.C. §§ 1452(b), 1334(c)(1) and (2), AND
FED R. BANKR. P. 9027(d)**

                              ZACHARY W. CARTER
                              Corporation Counsel of the City of New
                              York
                              Attorney for Defendant City of New York
                              100 Church Street
                              New York, NY 10007
                              Of Counsel:  Zachary B. Kass
                              Tel:  (212) 356-2113
                              zkass@law.nyc.gov

DATED:  May 18, 2016

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................... ii

PRELIMINARY STATEMENT ............................... **ERROR! BOOKMARK NOT DEFINED.**

STATEMENT OF FACTS ........................................ **ERROR! BOOKMARK NOT DEFINED.**

ARGUMENT

     I.     MANDATORY ABSTENTION IS REQUIRED IN THIS CASE

          A.   Standards For Mandatory Abstention**Error! Bookmark not defined.**

          B.   The Requirements for Mandatory Abstention Are Met In This Case**Error! Bookmark not defined.**

     II.    MANDATORY ABSTENTION IS REQUIRED IN THIS CASE

          A.   Standards For Permissive Abstention and Equitable Remand .................**Error! Bookmark not defined.**

          B.   The Factors Favor Permissive Abstention and Equitable Remand In This Case....................................**Error! Bookmark not defined.**

CONCLUSION........................................................ **ERROR! BOOKMARK NOT DEFINED.**

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Pages**

AEG Liquidation Trust v. Toobro (In re Am. Equities Grp., Inc.),
    460 B.R. 123 (Bankr. S.D.N.Y.2013) .................................................................13, 18

Allen v. J.K. Harris & Co., LLC,
    331 B.R. 634 (E.D. Pa. 2005) ...........................................................................1, 7, 8

Allstate Ins. Co. v. Credit Suisse Sec., LLC,
    2011 WL 49651501 (S.D.N.Y. Oct. 19, 2011) .........................................................12

In re Briarpatch Film Corp.,
    281 B.R. 820 (Bankr. S.D.N.Y. 2002) ....................................................................18

Buechner v. Avery,
    2005 WL 3789110 (S.D.N.Y. Feb. 14, 2005) ..........................................................16

California v. Atlantic Richfield Co. (In re Methyl Tertiary Butyl Ether ("MTBE")
    Prods. Liab. Litig.),
    488 F.3d 112 (2d Cir. 2007)..................................................................................14

Commercial Bank of New York v. Pullo,
    2013 WL 494050 (Bankr. S.D.N.Y. 2013) ..............................................................11

Conselyea Street Block Association, Inc. v. 207 Ainslie, LLC, The City of New
    York, Ainslie Street LLC,
    Index Number 15873/2014 ......................................................................1, 3, 10, 12

Daskal v. Banco Popular N. Am.,
    2014 U.S. Dist. LEXIS 23001 (E.D.N.Y. Feb. 19, 2014)............................10, 11, 16

DeWitt Rehab & Nursing Center v. Columbia Casualty Co.,
    464 B.R. 587 (S.D.N.Y. 2012)................................................................................9

Digital Satellite Lenders, LLC v. Ferchill,
    2004 WL 1794502 (S.D.N.Y. Aug. 10, 2004) .........................................................16

Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.,
    130 B.R. 405 (S.D.N.Y. 1991)..........................................................................13, 16

In re Durso Supermarkets,
    170 B.R. 211 (S.D.N.Y. 1994)...............................................................................14

Dynegy v. Danskammer, LLC v. Peabody COALTRADE Int'l Ltd.,
    905 F. Supp. 2d 526 (S.D.N.Y. 2012).....................................................................18

**Cases**                                                                                   **Pages**

Exec. Bens. Ins. Agency v. Arkison,
    134 S. Ct. 2165 (U.S. 2014)..................................................................................17

Exeter Holding, Ltd. v. AFC Real Estate, LLC (In re Exeter Holding, Ltd.),
    2013 Bankr. LEXIS 1008 (Bankr. E.D.N.Y. Mar. 14, 2013) ......................................11, 17, 19

Faltas-Fouad v. St. Mary's Hosp.,
    2015 U.S. Dist. LEXIS 7209 (D.N.J. Jan. 20, 2015) ...............................................11

Fried v. Lehman Bros. Real Estate Assocs. III, L.P. (In re Lehman Bros.),
    496 B.R. 706 (S.D.N.Y. 2013).............................................................................7, 12

Guccione v. Bell,
    2006 U.S. Dist. LEXIS 49526 (S.D.N.Y. 2006)....................................................18

JC Ryan EBCO/H&G LLC v. Cyber-Struct Inc. (In re Fierro),
    2015 Bankr. LEXIS 1779 (Bankr. E.D.N.Y. May 29, 2015).........................................7, 13, 15

JMB Capital Partners, L.P. v. CRT Capital Grp. LLC (In re NTL, Inc.),
    295 B.R. 706 (Bankr. S.D.N.Y.2003) .........................................................................13

Joremi Enters., Inc. v. Hershkowits (In re New 118th LLC),
    396 B.R. 885 (Bankr. S.D.N.Y. 2008).........................................................................8

Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship.,
    2004 WL 1048239 (S.D.N.Y. May 7, 2004) .............................................................16

L&L Painting Co. v. Odyssey Contr. Corp.,
    2008 U.S. Dist. LEXIS 55385 (S.D.N.Y. 2008)....................................................14

Lead I JV, LP v. North Fork Bank,
    401 B.R. 571 (E.D.N.Y. 2009) ...............................................................................7

Little Rest Twelve, Inc. v. Visan,
    458 B.R. 44 (S.D.N.Y. 2011)................................................................................13

Longacre Master Fund, Ltd. v. Telecheck Servs., Inc. (In re Casual Male Corp.),
    317 B.R. 472 (Bankr. S.D.N.Y. 2004).......................................................................8

New York City Employees' Retirement Sys. v. Ebbers (In re WorldCom, Inc.
    Sec. Litig.),
    293 B.R. 308 (S.D.N.Y. 2003)................................................................................14

Orange County Water Dist. v. Unocal Corp.,
    584 F.3d 43 (2d Cir. 2009)......................................................................................7

**Cases**                                                                                                    **Pages**

Orion Pictures Corp. v Showtime Networks, Inc.,
  4 F.3d 1095 (2d Cir. 1993).....................................................................................9

Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.,
  639 F.3d 572 (2d Cir. 2011)..................................................................................11

Perceptual Dev. Corp. v. Selby (In re Selby),
  2010 WL 3294713 (Bankr. E.D. Okla. Aug 19, 2010).................................9, 17, 19

ResCap Liquidating Trust v. RBC Mortg. Co.,
  2014 U.S. Dist. LEXIS 123038 (S.D.N.Y. July 18, 2014) ............................. *passim*

Residential Capital, LLC v. Greenpoint Mortgage Funding Co. (In re Residential
  Capital, LLC),
  519 B.R. 593 (S.D.N.Y. 2014)................................................................................8

Schumacher v. White,
  429 B.R. 400 (E.D.N.Y. 2010) ..............................................................................13

Stern v. Marshall,
  131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011) ...........................................................18

Weiner's, Inc. v. T.G. & Y. Stores Co.,
  191 B.R. 30 (Bankr. S.D.N.Y. 1996)......................................................................10

Whitney Lane Holdings, LLC v. Don Realty, LLC,
  2010 U.S. Dist. LEXIS 29778 (N.D.N.Y Mar. 26, 2010)........................................9

**Statutes**

11 U.S.C. §§ 101 *et seq.*..........................................................................................1

28 U.S.C. § 157(b)(2)(C), (M), and (N)......................................................................9

28 U.S.C. § 1334 (6) ..............................................................................................14

28 U.S.C. § 1334(c)(1)........................................................................................12, 14

28 U.S.C. §§ 1334(c)(1) and (2) ..............................................................................20

28 U.S.C. § 1334(C)(1) AND ..................................................................................12

28 U.S.C. § 1334(c)(2)......................................................................................6, 7, 12

28 U.S.C. § 1452(a) .................................................................................................1

| **Statutes** | **Pages** |
|---|---|
| 28 U.S.C. § 1452(B) | 12, 13, 20 |
| § 362(d) of the Bankruptcy Code | 2 |
| Fed. R. Bankr. P. 9027(d) | 1 |
| Rule 9027 of the Federal Rules of Bankruptcy Procedure | 1 |
| Rule 9027(e)(3) of the Federal Rules of Bankruptcy Procedure | 2 |

Defendant, the City of New York (the "**City**"), by its counsel, ZACHARY W. CARTER, Corporation Counsel of the City of New York, hereby submits this Memorandum of Law in Support of Motion For Abstention and Remand of State Court Civil Action Pursuant to 28 U.S.C. §§ 1452(b), 1334(c)(1) and (2), and Fed. R. Bankr. P. 9027(d).  In support thereof, the City respectfully states as follows:

## PRELIMINARY STATEMENT

**207 Ainslie, LLC's Bankruptcy Case**. On April 1, 2016 (the "**Petition Date**"), 207 Ainslie, LLC (the "**Debtor**"), filed for Chapter 11 protection under the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, (the "**Bankruptcy Code**") in the case entitled In re 207 Ainslie, LLC, Chapter 11 Case No. 16-41426 (NHL) (the "**Bankruptcy Case**"), in the Bankruptcy Court for the Eastern District of New York (Hon. Nancy Hershey Lord) (the "**Bankruptcy Court**").

**The Removed State Court Action**.  Prior to the Petition Date, by summons and complaint dated November 7, 2014, Conselyea Street Block Association, Inc., as plaintiff, commenced an action in the Supreme Court of the State of New York, Kings County against the Debtor, Ainslie Street LLC, and the City, bearing the caption Conselyea Street Block Association, Inc. v. 207 Ainslie, LLC, The City of New York, Ainslie Street LLC, Index Number 15873/2014 (the "**State Court Action**").

On April 19, 2016, the Debtor filed in this Court a notice of removal regarding the State Court Action, pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "**Notice of Removal**"). The removed case was assigned to District Judge Nicholas G. Garaufis and Magistrate Judge Vera M. Scanlon.  A status conference was set for May 18, 2016.

In accordance with Rule 9027(e)(3) of the Federal Rules of Bankruptcy Procedure, the City filed a timely statement in response to the Notice of Removal, in which it denied the Debtor's assertion that the removed State Court Action was a "core" proceeding, and stated that the City did not consent to the entry of a final judgment by the Bankruptcy Court on the claims in the removed action. See, Docket No. 7.

Prior to discovering that the Debtor had filed the Notice of Removal, the City filed in the Bankruptcy Court a motion for (i) dismissal of the Debtor's bankruptcy case, or, alternatively, (ii) stay relief under § 362(d) of the Bankruptcy Code (the "**Motion for Dismissal**"), which argues that the Chapter 11 case should be dismissed as a bad faith filing, or, in the alternative, for relief from the automatic stay so that the issues raised in the State Court Action can be decided promptly by the State Court.

In response to the notice that this Court had set a preliminary conference, the Debtor filed a letter of counsel asserting that the removed State Court Action should be automatically referred to the Bankruptcy Court, and that a preliminary conference was not needed. See, Docket No. 5. On May 13, 2016, the Court entered on the docket the following: "ORDER: In light of the pending motion to Remand to Bankruptcy Court 5 the Initial Conference scheduled for 5/18/2016 is canceled. So Ordered by Magistrate Judge Vera M. Scanlon on 5/13/2016."

A review of the dockets for both the District Court and the Bankruptcy Court does not indicate that the Removed Action, in fact, has been referred to the Bankruptcy Court. In order to assure that there will be no ambiguity as to whether this motion has been timely made, the City now makes this motion to the District Court for abstention and remand of the State Court Action (the "**Abstention and Remand Motion**"). In the event that the removed State

2

Court Action is referred to the Bankruptcy Court, the City respectfully requests that the Bankruptcy Court consider and determine this Abstention and Remand Motion at the earliest date that its calendar will permit.

### STATEMENT OF FACTS

The relevant facts are set forth in the Declaration of Todd Krichmar, Senior Counsel, in the Office of the Corporation Counsel, dated May 18, 2016 (the "**Krichmar Dec**."), and submitted herewith. Mr. Krichmar was the attorney who represented the City in the State Court Action before it was removed. A summary of the relevant facts is set forth below to give a context for the arguments to follow.

As noted above, the City has already filed in the Bankruptcy Court a Motion for Dismissal of the Debtor's petition as a bad faith filing. The City asserts that the Debtor is merely forum shopping in what is in essence a two-party dispute regarding the City's option to purchase real property at 207-217 Ainslie, Street, Brooklyn, New York (the "**Property**") from its proper owner, Ainslie Street LLC (the "**Owner**"). The alleged sale of the Property to the Debtor violated the City's right of first refusal under its lease with the Owner. The Debtor filed its bankruptcy petition on the eve of final oral argument in State Court litigation between the parties for a determination of the City's motion for summary judgment for a declaration, *inter alia*, that (i) the City has a right to exercise an option to buy the Property and (ii) upon tender of the exercise price the alleged deed to the Debtor is null and void and of no legal effect.

As shall be set forth more fully below, the City was party to a lease with the Owner of the Property, and had been a party to leases with prior owners dating back to 1971. For over forty (40) years, Conselyea Street Block Association, Inc. ("**Conselyea**") has operated a senior center and child day care center at the Property under separate arrangements with the City.

3

Case 1:16-cv-01924-NGG-VMS   Document 10   Filed 05/18/16   Page 10 of 27 PageID #: 106

It has been a neighborhood fixture with long ties to the Property as occupant and remains in possession providing senior and day care services to the community. Krichmar Dec., at ¶3.

The City entered into a lease for the Property with the Owner in 1996 (the "**Lease**") which was to be for a period of twenty (20) years, subject to a right of early termination. The Lease contained a right of first refusal to purchase the Property, which required the Owner to notify the City of any *bona fide* offer to purchase the Property that the Owner wished to accept, and gave the City ninety (90) days from receiving that notice to decide whether to purchase the Property on those same terms. Krichmar Dec., at ¶6. The City terminated the Lease effective as of October 31, 2013. However, well before then, in March 2013, the Owner entered into a contract of sale to sell the Property for $4.5 million, but failed to notify the City as required under the Lease. Krichmar Dec., at ¶¶ 8-9.

The Owner and Debtor closed on the sale of the Property in November 27, 2013 and filed a real property transfer tax report with the City Register stating that the transfer was for $4.5 million pursuant to a Contract of Sale dated March 1, 2013. Thus, the Owner clearly had received an offer that it wished to, and in fact did, accept during the term of the Lease, which caused the City's right of first refusal to ripen into a purchase option. However, the City wasn't notified of the offer, thus depriving the City of an opportunity to exercise its right of first refusal to which it was entitled under the Lease. Krichmar Dec., at ¶¶10-12.

The Debtor, after purchasing the Property, commenced a holdover proceeding in Civil Court against Conselyea, which continues to occupy the Property, and the City. Krichmar Dec., at ¶13. The Civil Court set use and occupancy at $40,000 a month, plus tax and utilities, pending trial, which Conselyea has been paying. Krichmar Dec., at ¶17.

Conselyea commenced the State Court Action in New York State Supreme Court ( the "**State Court**") against the Owner, the Debtor and City in which Conselyea contended that it was entitled to exercise the right of first refusal under the Lease.    Conselyea sought and obtained a TRO of the Civil Court holdover proceeding, which was marked off calendar.    The City filed a cross-claim in the State Supreme Court action asserting that, as the sole tenant under the Lease, it is entitled to exercise the option to purchase the Property and have the deed to the Debtor declared null and void *ab initio*.    While nominally on opposing sides, the City and Conselyea have the common goal of having the sale to Debtor voided and for the exercise of the purchase option so that Conselyea can remain as occupant providing senior and day care facilities for the community. Krichmar Dec., at ¶¶14-16.

The City moved for summary judgment on its cross-claim.    Final argument  on that motion was scheduled for April 4, 2016.    On April 1, 2016 the Debtor filed its bankruptcy petition. Krichmar Dec., at ¶¶19-23.

It is questionable whether the Property is even an asset of the Debtor's bankruptcy estate, and in fact the City and Conselyea seek to have the deed declared void and of no legal effect.    The Debtor was fully aware that the City had a right of first refusal under its Lease with the Owner and in fact agreed in writing at the closing to indemnify the Owner for any claims arising from the City's right of first refusal.    Krichmar Dec., at ¶11.

The City, Conselyea and Debtor were in negotiations to settle the State Court litigation up until the time of the Debtor's bankruptcy filing.    At a settlement meeting on Wednesday, March 30, 2016, Conselyea offered to purchase the Property, with partial City funding, for $8,000,000.    The Debtor said it needed a day to respond to the offer, and then requested another day.    However, rather than respond to the offer, the Debtor filed its bankruptcy

petition on Friday, April 1, 2016 and served it late that afternoon. As a result, at the eleventh hour, the Debtor prevented the State Court from determining the City's fully briefed Summary Judgment Motion, which it indicated at the prior court date on March 15, 2016, that it was prepared to do after hearing further argument on April 4, 2016 unless the case settled by then. Krichmar Dec., at ¶20.

Conselyea's offer would provide the Debtor with more than enough to pay its creditors in full. The bankruptcy filing clearly is a sharp litigation tactic taken in response to a good faith, and substantial, offer, and an apparent effort to forum shop and/or to extract even more money to resolve what is essentially a two-party dispute. The State Court was prepared to rule on the City's Summary Judgment Motion, which would determine whether the City has a valid right of first refusal. However, rather than have the State Court clarify this issue after the parties had fully briefed the Summary Judgment Motion and extensively argued the case before the State Court, the Debtor filed a bankruptcy petition at the eleventh hour. This sharp practice strongly suggests that the Debtor is blatantly forum shopping, seeking to extract even more money in settlement despite the $8 million on offer being more than sufficient to pay all creditors in full, or both. Krichmar Dec., at ¶24.

## ARGUMENT

### I.  MANDATORY ABSTENTION IS REQUIRED IN THIS CASE

#### A.    Standards For Mandatory Abstention

Pursuant to 28 U.S.C. § 1334(c)(2), a federal court must abstain from hearing a proceeding so long as certain requirements are met. Section 1334(c)(2) provides: "Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States

absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2).

A party seeking mandatory abstention must demonstrate that: (1) the motion to abstain was timely; (2) the action is based on state law claims; (3) the action is "related to" but not "arising in" a bankruptcy case or "arising under" the Bankruptcy Code (i.e., it is a "non-core" matter); (4) Section 1334 provides the sole basis for federal jurisdiction; (5) an action was previously commenced in state court; and (6) the action can be "timely adjudicated" in state court. Lead I JV, LP v. North Fork Bank, 401 B.R. 571, 579 (E.D.N.Y. 2009) (citing Trustees of Masonic Hall and Asylum Fund v. PriceWaterhousecoopers LLP, 2009 U.S. Dist. LEXIS 8953, 2009 WL 290543, at *4 (S.D.N.Y. Feb. 6, 2009)). See also, Fried v. Lehman Bros. Real Estate Assocs. III, L.P. (In re Lehman Bros.), 496 B.R. 706, 711 (S.D.N.Y. 2013) (citing New York City Employees' Retirement Sys. v. Ebbers (In re WorldCom, Inc. Sec. Litig.), 293 B.R. 308, 331 (S.D.N.Y. 2003)). As set forth in detail below, mandatory abstention is required with respect to the removed State Court Action.

### B. The Requirements for Mandatory Abstention Are Met In This Case
### The City's Motion Is Timely Filed.

This Abstention and Remand Motion has been filed within thirty (30) days of the Debtor's filing of the Notice of Removal; therefore, there can be no question as to the timeliness of the motion. See Allen v. J.K. Harris & Co., LLC, 331 B.R. 634, 643 (E.D. Pa. 2005) (finding that an abstention motion brought within 30 days of removal was timely); Orange County Water Dist. v. Unocal Corp., 584 F.3d 43, 49-50 (2d Cir. 2009); JC Ryan EBCO/H&G LLC v. Cyber-Struct Inc. (In re Fierro), 2015 Bankr. LEXIS 1779 (Bankr. E.D.N.Y. May 29, 2015) (Lord, B.J.)

**The Removed Action Involves Exclusively State Law Claims.**

The claims at issue in the State Court Action are exclusively state law claims based upon New York State law. There are, in fact, no bankruptcy or other federal law claims asserted by the Debtor in the State Court Actions.

**The Removed Action Is Non-Core.**

The State Court Action is not a "core" proceeding. See, e.g., ResCap Liquidating Trust v. RBC Mortg. Co., 2014 U.S. Dist. LEXIS 123038, at *5-6 (S.D.N.Y. July 18, 2014) ("[T]he mere fact that recovery in a lawsuit could inure to the benefit of the estate or its creditors does not render claims in the lawsuit core claims.") (citation omitted).

Core proceedings are those "arising under title 11" or that "arise in cases under title 11." Joremi Enters., Inc. v. Hershkowits (In re New 118th LLC), 396 B.R. 885, 890 (Bankr. S.D.N.Y. 2008) (citing Wood v. Wood (In re Wood), 825 F.2d 90, 96 (5th Cir. 1987)). A proceeding is core if "it invokes a substantive right provided by title 11 or if it is a proceeding, that, by its nature, could arise only on the context of a bankruptcy case." Allen v. J.K. Harris, 331 B.R. at 641 (E.D. Pa. 2005) (citing Torkelsen v. Maggio (In re Guild and Gallery Plus, Inc.), 72 F.3d 1171 (3d Cir. 1996)). Conversely, a claim is non-core if it "does not depend on bankruptcy laws for its existence … could proceed in a court that lacks federal bankruptcy jurisdiction" and is merely "related to" the bankruptcy proceeding. Residential Capital, LLC v. Greenpoint Mortgage Funding Co. (In re Residential Capital, LLC), 519 B.R. 593, 600 (S.D.N.Y. 2014) (quoting North Am. Energy Conservation, Inc. v. Interstate Energy Res., Inc. (In re N. Am. Energy Conservation, Inc.), 2000 WL 1514614, at *2 (S.D.N.Y. Oct. 10, 2000)). A proceeding is "related to" the bankruptcy if it could have a conceivable effect on the bankruptcy. Longacre Master Fund, Ltd. v. Telecheck Servs., Inc. (In re Casual Male Corp.),

317 B.R. 472, 476 (Bankr. S.D.N.Y. 2004); <u>Whitney Lane Holdings, LLC v. Don Realty, LLC</u>, 2010 U.S. Dist. LEXIS 29778 (N.D.N.Y Mar. 26, 2010); <u>DeWitt Rehab & Nursing Center v. Columbia Casualty Co.</u>, 464 B.R. 587, 591 (S.D.N.Y. 2012).

The State Court Action involves a state law contract dispute between New York parties that were commenced in State Court and that are, at most, only remotely related to the bankruptcy; thus, the State Court Action is in no way dependent on the bankruptcy proceeding. <u>Perceptual Dev. Corp. v. Selby (In re Selby)</u>, 2010 WL 3294713, at *3 (Bankr. E.D. Okla. Aug 19, 2010).

The Debtor incorrectly asserts that the State Court Action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(C), (M), and (N), alleging that it involves resolution of claims or counterclaims by or against the Debtor, and implicates the use and sale of property belonging to the Debtor's estate. See, Declaration in Support of Removal, at ¶6. [Docket No. 1-1]. This is incorrect. Where the parties' claims arise out of a breach of a pre-petition contract, and involve issues of state law separate from the bankruptcy proceedings, on the basis of a contract made years before the bankruptcy proceeding commenced, the action is a non-core proceeding because the state law breach of contract claims do not depend on bankruptcy laws for their existence and could proceed in a court that lacks federal bankruptcy jurisdiction. See, e.g., <u>ResCap Liquidating Trust v. RBC Mortg. Co.</u>, 2014 U.S. Dist. LEXIS 123038, 4-5 (S.D.N.Y. July 18, 2014). Here, , the State Court Action is non-core because it involves are state law claims for the breach of a contract that was entered into prior to the Petition Date and is independent of the Bankruptcy Case. <u>See</u> <u>Orion Pictures Corp. v Showtime Networks, Inc.</u>, 4 F.3d 1095, 1102 (2d Cir. 1993).

Moreover, as discussed above, the Debtor is incorrect in asserting that the State Court Action is core because it involves property of the estate; in fact, whether the Property is

rightfully the Debtor's property is at the heart of the State Court Action. See, e.g., Daskal v. Banco Popular N. Am., 2014 U.S. Dist. LEXIS 23001, at *4-6 (E.D.N.Y. Feb. 19, 2014) ("[W]hen 'the recovery of the contested [assets] is predicated upon a prior successful outcome of the judicial contest, the contested proceeding does not meet the definition of core unless and until it has been concluded in favor of the plaintiff' (internal citation omitted)); Weiner's. Inc. v. T.G. & Y. Stores Co., 191 B.R. 30, 32 (Bankr. S.D.N.Y. 1996) (holding that a case "is not transformed into an estate administration matter simply because it may ultimately bring funds into the estate.")

Similarly, in this case, neither the Debtor's claims nor the other parties' claims asserted in the removed State Court Action arise in or under the Bankruptcy Code; they are, at best, merely related to the Bankruptcy Case. See, ResCap Liquidating Trust v. RBC Mortg. Co., 2014 U.S. Dist. LEXIS 123038, at *5-6 (S.D.N.Y. July 18, 2014). Accordingly, the Removed Actions are non-core, and the third requirement for mandatory abstention is satisfied here.

### Section 1334 Is the Sole Basis for Federal Jurisdiction.

Section 1334 is the sole basis for federal jurisdiction, because, as noted above, there are no federal law claims involved in the State Court Action, and all parties are New York entities. Accordingly, there is no federal question or diversity jurisdiction in these cases.

### The State Court Action Is Pending and Can Be Timely Adjudicated.

The State Court Action is currently pending in and can be timely adjudicated by the State Court. Indeed, timing of the Debtor's Chapter 11 petition just one business day before the State Court was scheduled to hear final arguments, demonstrate that the Debtor filed largely to forestall a prompt resolution of the State Court Action by the State Court. The burden to demonstrate lack of timeliness is on the removing party, and the Debtor has made no such

showing. See Commercial Bank of New York v. Pullo, 2013 WL 494050 (Bankr. S.D.N.Y. 2013) (The party challenging abstention must show, through actual evidence, that the backlog of cases is significantly different in the two relevant tribunals.); see also,Fa ltas-Fouad v. St. Mary's Hosp., 2015 U.S. Dist. LEXIS 7209, at *10-11 (D.N.J. Jan. 20, 2015) (court concluded that actions could be timely adjudicated in state court where removing party put forth no facts supporting a conclusion that the actions would be handled more expeditiously in federal court than in state court, and, in fact, the state court was already familiar with some of the parties and underlying facts); Daskal v. Banco Popular N. Am., 2014 U.S. Dist. LEXIS 23001, at *9-10 (E.D.N.Y. Feb. 19, 2014) (citing Acolyte, 69 B.R. at 180) ("'[T]he party seeking to litigate in a federal forum' bears the burden of showing that the matter could not be timely adjudicated in state court. '[C]onclusory statement[s] that matters generally take longer to work their way through the state court' are insufficient to make this showing.'"); Exeter Holding, Ltd. v. AFC Real Estate, LLC (In re Exeter Holding, Ltd.), 2013 Bankr. LEXIS 1008, at *15 (Bankr. E.D.N.Y. Mar. 14, 2013) (finding that state court could timely adjudicate action where, *inter alia*, debtor pointed to no backlog in state court; parties were awaiting trial date; issues were purely state law which state court was better equipped to address).

The Second Circuit has recognized four factors that should be evaluated in determining whether this mandatory abstention requirement is satisfied:  (1) the backlog of the state court's calendar relative to the federal or bankruptcy court's calendar; (2) the complexity of issues presented and the respective expertise of each forum; (3) the status of the bankruptcy proceeding to which the state law action relates; and (4) whether the state court action would prolong the administration of the estate. Parmalat Capital Fin. Ltd. v. Bank of Am. Corp., 639 F.3d 572, 580 (2d Cir. 2011).  The question of timely adjudication is not merely which forum

would be able to adjudicate the matter faster. <u>Allstate Ins. Co. v. Credit Suisse Sec., LLC</u>, 2011 WL 49651501, at *7 (S.D.N.Y. Oct. 19, 2011) (citing <u>Parmalat</u>, 639 F.3d at 580).  The Court explained in <u>Allstate Insurance Co. v. Credit Suisse Securities, LLC</u> that "a state court may be a 'timely' forum, even if it requires longer to adjudicate an action than a federal court, as long as the relevant bankruptcy proceedings will not be hindered by the relative delay." <u>Id.</u>

Where there is no significant difference in the backlog between the state and federal forum, this factor weighs in favor of finding that the matter can be timely adjudicated. There is no basis for concluding that the State Court's backlog, if any, is significantly different than that of this Court or the Bankruptcy Court or that the removed State Court Action would be adjudicated more expeditiously in Bankruptcy Court than they would in State Court. In fact, as noted above, it was to forestall an imminent determination of the State Court Action that the Debtor commenced its Chapter 11 case.  Here, accordingly, the Debtor cannot carry its burden to demonstrate that the State Court is unable to adjudicate the State Court Actions in a timely fashion.  As the Bankruptcy Case is in the earliest stages, the status of the Chapter 11 proceeding favors a finding that the matter can be timely adjudicated in State Court. <u>Fried</u>, 496 B.R. at 711.

## II.    PERMISSIVE ABSTENTION UNDER 28 U.S.C. § 1334(C)(1) AND EQUITABLE REMAND UNDER 28 U.S.C. § 1452(B) ARE ALSO APPROPRIATE IN THIS CASE

### A.    Standards For Permissive Abstention and Equitable Remand

Even if mandatory abstention were not required under 28 U.S.C. § 1334(c)(2), this Court should permissively abstain from hearing the State Court Action, pursuant to 28 U.S.C. § 1334(c)(1) and equitably remand it back to the State Court, pursuant to 28 U.S.C. § 1452(b).

A court may permissively abstain from hearing a proceeding pursuant to § 1334(c)(1) "in the interest of justice, or in the interest of comity with State courts or respect

for State law," or may remand pursuant to § 1452(b) "on any equitable ground." The two inquiries are essentially the same and are often analyzed together. Little Rest Twelve, Inc. v. Visan, 458 B.R. 44, 60 (S.D.N.Y. 2011); see also, JC Ryan EBCO/H&G LLC v. Cyber-Struct Inc. (In re Fierro), 2015 Bankr. LEXIS 1779 (Bankr. E.D.N.Y. 2015) (Lord, B.J.).  A court has broad discretion in conducting the equitable remand analysis.  See AEG Liquidation Trust v. Toobro (In re Am. Equities Grp., Inc.), 460 B.R. 123, 128 (Bankr. S.D.N.Y.2013) (citing In re Micro Design, Inc., 120 B.R. 363, 366 (E.D.Pa.1990)).

Courts in this District generally weigh several factors in determining whether to equitably remand a proceeding, including:  (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants. Little Rest Twelve,, 458 B.R. at 60; see also, Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co., 130 B.R. 405, 407 (S.D.N.Y. 1991) (applying these considerations to the analysis of equitable remand); Schumacher v. White, 429 B.R. 400, 404-405 (E.D.N.Y. 2010). However, these factors are "merely illustrative" and do not constrain a court in its discretionary equitable remand analysis. JMB Capital Partners, L.P. v. CRT Capital Grp. LLC (In re NTL, Inc.), 295 B.R. 706, 719 (Bankr. S.D.N.Y.2003)). Courts often also consider, when applicable, the "duplicative and uneconomical use of judicial resources" (judicial economy) and the "lessened possibility of inconsistent results." Id.

13

Courts have examined additional factors when considering permissive abstention[1], including, as relevant to these cases, presence of a related proceeding in state court, jurisdiction basis, if any, other than § 1334, extent to which the proceeding is "substantively core," and feasibility of severing the removed claims from the bankruptcy. In re Worldcom Inc. Sec. Litig., 293 B.R. 308, 332 (S.D.N.Y. 2003).

The Second Circuit has clearly indicated that removal statutes are to be narrowly construed; moreover, the party seeking removal has the burden of establishing entitlement to removal, and all doubts must be resolved against removability. California v. Atlantic Richfield Co. (In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.), 488 F.3d 112, 124 (2d Cir. 2007) ("The burden is upon him who claims the removal plainly to set forth by petition made, signed, and unequivocally verified by himself all the facts relating to the occurrence, as he claims them to be, on which the accusation is based."); see also, L&L Painting Co. v. Odyssey Contr. Corp., 2008 U.S. Dist. LEXIS 55385, 3-4 (S.D.N.Y. 2008) ("If the removing party cannot

---

[1]In determining whether to exercise permissive abstention under 28 U.S.C. § 1334(c)(1), courts have considered "one or more (not necessarily all) of twelve factors":

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden [on the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

In re Worldcom Inc. Sec. Litig., 293 B.R. 308, 332 (S.D.N.Y. 2003); see also, 610 W. 142 Owners Corp., 1999 U.S. Dist. LEXIS 6775 (S.D.N.Y. May 11, 1999); In re Durso Supermarkets, 170 B.R. 211, 215 (S.D.N.Y. 1994).

establish its right to removal by competent proof, the removal is improper, and the district court must remand the case to the court in which it was filed.")

### B.    The Factors Favor Permissive Abstention and Equitable Remand In This Case

In this case, all the factors favor permissive abstention and equitable remand. The analysis applied by Bankruptcy Judge Lord in the In re Fierro case applies equally here:

> Here, the balance of the factors weighs in favor of permissive abstention. A related proceeding is already commenced and ongoing in the State Court. The State Court is more familiar with this case, as it has been litigated in that court for over twelve years. Abstention furthers the efficient administration of the bankruptcy estate because the State Court can likely adjudicate the issues more quickly than this Court. Issues of state law, including the underlying causes of action and the standard for vacating a New York judgment, predominate over bankruptcy issues. Finally, the Court notes that the timing of the Second Motion to Vacate, filed only one day prior to the petition dates, raises the specter of forum shopping, especially in light of the Debtors' unsuccessful First Motion to Vacate. Notwithstanding the Debtors' preference to be before this Court, a history of unfavorable State Court decisions does not justify this Court's intervention into the matter when the balance of factors point to the State Court as the appropriate forum. After considering all of the permissive abstention factors, together with the overriding concerns of judicial economy and fairness, this Court believes that permissive abstention is warranted.

JC Ryan EBCO/H&G LLC v. Cyber-Struct Inc. (In re Fierro), 2015 Bankr. LEXIS 1779, 8-9 (Bankr. E.D.N.Y. 2015). Notably, Bankruptcy Judge Lord took a dim view of the blatant forum shopping demonstrated by the same eleventh hour Bankruptcy filing as occurred here.

### The State Court Actions Involve Exclusively State Law Claims.

As discussed above, the parties' claims at issue in the State Court Action are exclusively state law claims. There are, in fact, no bankruptcy law or other federal law claims asserted in the State Court Action. The State Court is uniquely qualified to respond to the parties' disputes because of the State Court's long and varied experience in such matters. See

Buechner v. Avery, 2005 WL 3789110, at *5 (S.D.N.Y. Feb. 14, 2005) ("Only state law claims are asserted, all purportedly arising under New York law .... This factor weighs in favor of remand."); Digital Satellite Lenders, LLC v. Ferchill, 2004 WL 1794502, at *6 (S.D.N.Y. Aug. 10, 2004) (ordering equitable remand where the actions turned entirely on questions of New York law); Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship., 2004 WL 1048239, at *2 (S.D.N.Y. May 7, 2004) (remanding "perfectly ordinary state-law actions that invoke no aspect of bankruptcy law, that proceed against numerous defendants who are not in bankruptcy and who are jointly and severally liable for all claims and that, even as to the bankrupt defendant, concern actions taken long before the bankruptcy filing").

### The Removed Action Is Non-Core.

As discussed more fully above, the Debtor's general assertions that the State Court Action is a core proceeding are incorrect and insufficient to justify this Court's retention of the removed State Court Action. The only relationship between the State Court Action and the Bankruptcy case is that if the Debtor eventually prevails, the Property will be available for a reorganization. However, "[b]ecause every claim of a debtor in possession is an asset of the estate, this is not sufficient to warrant the retention of federal jurisdiction over these claims." Drexel, 130 B.R. at 408; Daskal v Banco Popular N.A., 2014 U.S. Dist. LEXIS 23001, at *2 (E.D.N.Y. Feb 19, 2014) (citing Acolyte Elec. Corp. v. City of New York, 69 B.R. 155, 172 (Bankr. E.D.N.Y. 1986) (holding that a contested proceeding does not meet the definition of core unless and until it has been concluded in favor of the [debtor].") and Weiner's Inc. v. T.G. & Y. Stores Co., 191 B.R. 30, 32 (Bankr. S.D.N.Y. 1996) (finding that a "case is not transformed into an estate administration matter simply because it May ultimately bring funds into the estate")). In fact, the State Court Actions are non-core. See ResCap Liquidating Trust v. RBC Mortg. Co.,

2014 U.S. Dist. LEXIS 123038, at *5-6 (S.D.N.Y. July 18, 2014) (Hellerstein, U.S.D.J.) ("[T]he mere fact that recovery in a lawsuit could inure to the benefit of the estate or its creditors does not render claims in the lawsuit core claims.") (citation omitted).

Courts have held that it is the substance of the asserted claim, rather than the form, which is determinative, An examination of the parties' claims  reveal that they are  really state law contract disputes between New York parties that were commenced in State Court and are only remotely related to the bankruptcy, and  are in no way dependent on the bankruptcy proceeding. Permissive abstention is therefore appropriate. Perceptual Dev. Corp. v. Selby (In re Selby), 2010 WL 3294713, at *3 (Bankr. E.D. Okla. Aug 19, 2010).

### Judicial Economy and Efficiency Would Be Furthered By Remand.

In addition, as noted above, the City does not consent to the Bankruptcy Court entering a final judgment against them.  The City has not filed a proof of claim in the Bankruptcy Case (nor has Conselyea). Absent consent, "the authority of the [Bankruptcy] Court to hear and determine this matter is highly suspect."   Exeter Holding, Ltd. v. AFC Real Estate, LLC (In re Exeter Holding, Ltd.), 2013 Bankr. LEXIS 1008, 17 (Bankr. E.D.N.Y. Mar. 14, 2013) (citing Stern v. Marshall, 131 S. Ct. 2594, 2606-08, 2614-15, 180 L. Ed. 2d 475 (2011)).   The Bankruptcy Court would only be able to, at most, hear the proceedings and submit proposed findings of fact and conclusions of law to the district court for *de novo* review and entry of judgment. See Exec. Bens. Ins. Agency v. Arkison, 134 S. Ct. 2165 (U.S. 2014).  This would be an inefficient and costly expenditure of judicial resources.  When a bankruptcy court cannot issue a final judgment or order, "their proposed findings of fact and conclusions of law must be reviewed de novo by a district court [and] this additional step impedes efficiency and uniformity as the very same issues are reviewed a second time by a second court." ResCap Liquidating

Case 1:16-cv-01924-NGG-VMS    Document 10    Filed 05/18/16    Page 24 of 27 PageID #: 120

Trust v. RBC Mortg. Co., 2014 U.S. Dist. LEXIS 123038, at *6-7 (S.D.N.Y. July 18, 2014); Stern v. Marshall, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011); Dynegy v. Danskammer, LLC v. Peabody COALTRADE Int'l Ltd., 905 F. Supp. 2d 526, 532 (S.D.N.Y. 2012) (If "a district court must review recommendations de novo, it would be inefficient to allow the proceedings to go forward, knowing that they will have to be substantially repeated." (internal citations and quotations omitted)).

### Effect on Administration of the Estate.

The Debtor admits that if "filed its Chapter 11 petition to deal with competing claims to the Property. . . ." Declaration in Support, at ¶5. However, that is the issue that is at the heart of the State Court Action, and it was to forestall an imminent determination of that issue by the State Court that the Debtor filed for Chapter 11. In such circumstances, "removal cannot be justified on the ground that the bankruptcy court would be friendlier to the bankrupt as plaintiff. That would be impermissible forum shopping." In re Briarpatch Film Corp., 281 B.R. 820, 831-832 (Bankr. S.D.N.Y. 2002).

### Comity Considerations.

Comity considerations favor remand. "It is well settled that comity considerations dictate that federal courts should be hesitant to exercise jurisdiction when state issues substantially predominate." Guccione v. Bell, 2006 U.S. Dist. LEXIS 49526, at *16-17 (S.D.N.Y. 2006) (citing In re 9281 Shore Road Owners Corp., 214 B.R. 676, 696 (Bankr. E.D.N.Y. 1997)). Further, comity focuses on the state's interest in developing its law and applying its law to its citizens. AEG Liquidation Trust v. Toobro NY LLC (In re Am. Equities Group, Inc.), 460 B.R. 123, 130 (Bankr. S.D.N.Y. 2011).

Case 1:16-cv-01924-NGG-VMS   Document 10   Filed 05/18/16   Page 25 of 27 PageID #: 121

New York has a strong interest in interpreting its own law regarding leases and title to real property.  Moreover, the City has a strong interest in the retention of a senior center and child day care center.   It is clear that the State of New York has a substantial interest in its courts determining this action.

### Degree of Relatedness of the State Court Actions to the Bankruptcy Case.

The State Court Action is only remotely related to the Bankruptcy Case and the existence of the State Court Action is in no way dependent on the bankruptcy proceeding. Perceptual Dev. Corp. v. Selby (In re Selby), 2010 WL 3294713, at *3 (Bankr. E.D. Okla. Aug 19, 2010).  The State Court Case is not closely related to the Bankruptcy Case, but rather involves discrete questions of New York state law.  It would not be difficult to allow the State Court to adjudicate these matters, and then, in the event that the Debtor is successful, allow the Bankruptcy Court to enforce the judgments.

### No Factor Weighs Against Abstention.

Finally, none of the twelve factors weighs strongly against permissively abstaining. See, e.g., Exeter Holding, Ltd. v. AFC Real Estate, LLC (In re Exeter Holding, Ltd.), 2013 Bankr. LEXIS 1008, at *16-17 (Bankr. E.D.N.Y. Mar. 14, 2013) (Court concluded that permissive abstention was appropriate.). Given the foregoing, the factors weigh heavily in favor of permissive abstention and equitable remand.

## CONCLUSION

For all of the foregoing reasons, the City respectfully requests that this Court abstain from hearing the removed State Court Action pursuant to 28 U.S.C. §§ 1334(c)(1) and (2), and remand the removed State Court Action to the State Court pursuant to 28 U.S.C. § 1452(b), and grant such other and further relief as the Court may deem just and proper under the circumstances.

Dated: New York, New York
     May 18, 2016

                     ZACHARY W. CARTER
                     Corporation Counsel of the
                       City of New York
                     *Attorney for Defendant City of New York*
                     100 Church Street
                     New York, New York 10007
                     (212) 356-2113

                     By: /s/ Zachary B. Kass_____
                         Zachary B. Kass (ZK 1944)
                         Senior Counsel

20

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

CONSELYEA STREET BLOCK ASSOCIATION, INC.,

                                          Plaintiff,

                  -against-

207 AINSLIE, LLC, THE CITY OF NEW YORK, and
AINSLIE STREET, LLC

                                   Defendants.

------------------------------------------------------------------ X

**DECLARATION
IN SUPPORT**

Case No.
16 CV 01924 (NGG)(VMS)

       **TODD KRICHMAR** declares under penalty of perjury, pursuant to 28 U.S.C. §
1746, that the following is true and correct:

       1.     I am a Senior Counsel at the Office of the Corporation Counsel, Zachary
W. Carter, attorney for the City of New York (the "City"), a defendant in this action, and am
familiar with the facts and circumstances set forth in this Declaration, based upon my review of
relevant public records and documents produced in discovery, and conversations with City
personnel.

       2.     I submit this Declaration in support of the City's motion for absention and
remand of a State Court Action.

### FACTUAL BACKGROUND OF STATE COURT ACTION

       3.     The City, through plaintiff Conselyea Street Block Association
("Conselyea") as a third-party provider, has continuously operated a day care and senior center at
207-217 Ainslie, Street, Brooklyn, New York (the "Property") since the early 1970s.

4.      In 1995, after the prior twenty-year lease expired in December 1994, the City obtained from the City Planning Commission and the City Council approval under the Uniform Land Use Review Procedure ("ULURP") to continue using the Property as a day care center and senior center for another lease term of up to twenty years, or without time limitation if the site were to be acquired in fee.

5.      Accordingly, the City entered into a twenty-year lease commencing as of January 1995 (the "Lease") with the record owner, co-defendant Ainslie Street LLC (the "Landlord").

6.      Consistent with the ULURP approval to continue the present use of the Property in perpetuity, the Lease gave the City a right of first refusal, effective throughout the Lease term, which required the Landlord to promptly notify the City of any *bona fide* purchase offer, and give the City ninety days from that notice to elect to purchase on the same terms.

7.      Pursuant to a separate provision in the Lease, in October 2012, the City gave the Landlord one year's notice that it would terminate the Lease as of October 31, 2013.

8.      In or before March 2013, while the Lease was still in effect, the Landlord received an offer to purchase the Property for $4,500,000.00.

9.      However, instead of notifying the City of the offer as required under the Lease, the Landlord accepted it by entering into a contract of sale in March 2013.

10.      The contract ultimately was assigned to co-defendant 207 Ainslie, LLC ("207 Ainslie") as purchaser, which, at a closing held on November 27, 2013, paid $4,500,000.00 to the Landlord in exchange for a bargain and sale deed to the Property.

11.      At the closing, 207 Ainslie expressly agreed to indemnify the Landlord for any claims arising from the City's right of first refusal, and 207 Ainslie and the Landlord

2

certified in tax documents that the purchase price was $4,500,000.00 pursuant to a March 2013 contract of sale.

12.    Transfer taxes were paid on a $4,500,000.00 sale price and the deed, along with the transfer report reciting that amount, was recorded on December 9, 2013.

## PROCEDURAL HISTORY OF STATE COURT ACTION

13.    In February 2014, 207 Ainslie commenced a holdover proceeding in Civil Court, Kings County.

14.    In November 2014, Conselyea commenced a plenary action in Supreme Court, Kings County (the "State Court Action") for a declaration that, as the purported tenant under the Lease, it is entitled to purchase the Property; and an injunction compelling a sale.

15.    The State Court stayed the holdover proceeding, which eventually was marked off calendar.

16.    The City cross-claimed in the State Court Action for a declaration that, as the only tenant under the Lease, it retains the exclusive right to exercise the option to purchase the Property for $4,500,000.00 and related incidental relief.

17.    In the interim, by stipulation, Conselyea has been paying, without prejudice, use and occupancy ("U&O") of $40,000.00 per month to 207 Ainslie, and all operating expenses for the Property, including taxes, utilities, insurance and repairs.

18.    In a pleading filed in response to the City's cross-claim, 207 Ainslie alleged that it paid $7,000,000.00 for the Property, even though the public records of the transaction indicated that it paid the Landlord $4,500,000.00.

19.    In December 2015, the City moved for summary judgment.

3

20.    Justice Johnny Lee Baynes heard argument of the City's motion on January 19, 2016 and March 15, 2016. At the close of the proceedings on the latter date, Justice Baynes adjourned the matter to Monday, April 4, 2016 in the hope the parties could reach a settlement by then, and if not, he would hear final arguments so he could decide the motion.

21.    On Wednesday, March 30, 2016, the parties conducted a lengthy settlement meeting, at the end of which the City and Conselyea offered to purchase the Property for $8,000,000.00, which would more than compensate 207 Ainslie for the $7,000,000.00 it claims to have paid.

22.    207 Ainslie indicated that it needed 24 hours to respond, then requested another 24 hours.

23.    However, rather than respond to the offer, late on Friday afternoon, April 1, 2016, 207 Ainslie served its Bankruptcy Petition, which stayed the State Court Action at the last possible moment before the State Court was set to hear, and possibly determine, the City's motion.

24.    207 Ainslie's sharp and deceitful practice smacks of blatant forum shopping, or a bad faith attempt to extract even more money from the City and Conselyea.

## CONCLUSION

WHEREFORE, the City respectfully requests its motion be granted motion in all respects.

Dated:    New York, New York
May 18, 2016


Respectfully submitted,


TODD KRICHMAR

4