UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                               Chapter 11

207 Ainslie, LLC,                                    Case No. 16-41426 (NHL)
                          Debtor.
------------------------------------------------------------x

## ORDER AUTHORIZING RETENTION
## OF ATTORNEYS FOR DEBTOR

Upon the Application (the "Application") of 207 Ainslie, LLC (the "Debtor"), for an order authorizing the retention of Goldberg Weprin Finkel Goldstein LLP, as its attorneys; and upon the Declaration of Disinterestedness of Kevin J. Nash, Esq.; and good cause having been shown; and no adverse interest being represented; it is hereby

**ORDERED**, that the Application is approved as set forth herein; and it is further

**ORDERED**, that the Debtor is authorized to employ and retain Goldberg Weprin Finkel Goldstein LLP, as its attorneys in connection with this Title 11 case pursuant to 11 U.S.C. §327(a) as of the Petition Date; and it is further

**ORDERED**, that Goldberg Weprin Finkel Goldstein LLP may be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Amended Guidelines for Fees and Disbursements for Professionals in the Eastern District of New York, dated June 14, 2013, (General Order613) any other orders of this Court, and the United States Trustee Fee Guidelines (collectively, the "Fee Guidelines"); and it is further

**ORDERED**, Goldberg Weprin Finkel Goldstein LLP shall be reimbursed only for reasonable and necessary expenses as provided by the Fee Guidelines; and it is further

**ORDERED**, that ten business days' notice must be provided by Goldberg Weprin Finkel Goldstein LLP to the Debtor, the United States Trustee and any official committee prior to any increases in any of the Goldberg Weprin Finkel Goldstein LLP's rates for any individual retained by Goldberg Weprin Finkel Goldstein LLP, and such notice must be filed with the Court. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code; and it is further

**ORDERED**, that Goldberg Weprin Finkel Goldstein LLP shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to Goldberg Weprin Finkel Goldstein LLP; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

NO OBJECTION:
WILLIAM K. HARRINGTON
OFFICE OF THE UNITED STATES TRUSTEE, Region 2

*/s/Rachel B. Weinberger*
Rachel B. Weinberger, Esq.
Trial Attorney

Dated:  New York, New York
        May 17, 2016

Dated: May 29, 2016
       Brooklyn, New York

_____
**Nancy Hershey Lord**
**United States Bankruptcy Judge**