UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                  Chapter 11

207 Ainslie, LLC,                                                Case No. 16-41426 (NHL)

                                       Debtor.
------------------------------------------------------------x

**MOTION FOR AN ORDER EXTENDING THE DEBTOR'S
EXCLUSIVE PERIODS TO FILE A PLAN OF REORGANIZATION AND
TO SOLICIT ACCEPTANCES THERETO**

**TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:**

The motion of 207 Ainslie LLC (the "Debtor"), by and through its counsel, Goldberg Weprin Finkel Goldstein LLP, seeking an order pursuant to 11 U.S.C. §1121(d)(1) extending the Debtor's exclusive periods to file a plan of reorganization and to solicit acceptances thereto, respectfully represents and shows this Court as follows:

**PRELIMINARY STATEMENT**

1.       This Chapter 11 case was commenced by the filing of a voluntary petition on April 1, 2016. The Debtor is currently operating as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

2.       The Debtor's exclusive periods to file a plan of reorganization and solicit acceptances thereto (together, the "Exclusive Periods") are set to expire on August 1, 2016 and September 28, 2014, respectively.

3.       With these impending deadlines approaching, the Debtor hereby seeks an additional ninety (90) day extension of time through November 29, 2016 and January 26, 2017, respectively. Although the Debtor does not expect any other creditor to file a competing plan, the Debtor seeks to extend exclusivity so as to maintain the status quo in the plan process.

## BACKGROUND FACTS

4. This Court is already familiar with the background of this case, in light of the pending motions by the City of New York for remand, abstention and stay relief. These motions essentially raise the same fundamental issue as to which court is best positioned to determine the Debtor's rights in real property at 207-217 Ainslie Street, Brooklyn, New York (the "Property").

5. Until such time as the Debtor's title to the Property is resolved, the Debtor cannot realistically formulate a plan. For this reason, the Debtor seeks to extend its exclusivity periods for 120 days until November 29, 2016. The Debtor anticipates that a decision will be made on the pending motions by that time.

6. In the meantime, the Debtor has entered into a cash collateral stipulation with its lender, CTBC Bank Corp., and will be filing a motion to approve the agreement shortly, likely returnable the same date as this motion. The Debtor is current on all of its post-petition obligations, including adequate protection payments due to CTBC Bank Corp. and quarterly fees due to the U.S. Trustee, and has filed all of its monthly operating reports.

## STATUTORY BASIS THEREFOR

7. This motion is made pursuant to section 1121(d)(1) of the Bankruptcy Code extending (i) the exclusive period during which only the Debtor may file a plan of reorganization for an additional one hundred twenty (120) days from August 1, 2016 to November 29, 2016; and (ii) the concomitant exclusive period during which only the Debtor may solicit acceptances or rejections to such plan of reorganization as may be filed from September 28, 2016 to January 26, 2017.

8. The determination of whether sufficient "cause" exists to grant an extension rests with the sound discretion of the court and should be based upon the facts and circumstances of

each individual case. In re Adelphia Communications Corp., 52 B.R. 578, 586 (Bankr. S.D.N.Y. 2006); In re Texaco Inc., 76 B.R. 322 (Bankr. S.D.N.Y. 1987); In re McLean Indus., Inc., 87 B.R. 830 (Bankr. S.D.N.Y. 1987). While section 1121(d)(1) of the Bankruptcy Code requires the bankruptcy court to find "cause" to extend a debtor's exclusivity periods, it is clear from the legislative history of that section that the bankruptcy court is given broad flexibility in making such a determination so as to balance the competing interests of a debtor and its creditors. See H.R. Rep. No. 95-595, 95th Cong.; 2d Sess 221-222 (1978); In re Perkins, 71 B.R. 294 (W.D. Tenn. 1987) ("The hallmark of Section [1121(d)] is flexibility"). In re Newark Airport/Hotel Ltd. P'ship., 156 B.R. 444, 451 (Bankr. D.N.J. 1993) (notice that Congress designed chapter 11 provision to enable a debtor to remain in control for some period of time, thereby making reorganization an attractive alternative to financially troubled companies).

9.      In determining whether cause exists to extend the Exclusive Periods, the Court may consider a variety of factors including:

(a) the size and complexity of the case;
(b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
(c) the existence of good faith progress toward reorganization;
(d) the fact that the debtor is paying its bills as they become due;
(e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
(f) whether the debtor has made progress in negotiations with its creditors;
(g) the amount of time which has elapsed in the case;
(h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
(i) whether an unresolved contingency exists.

In re Adelphia, 352 B.R. at 587, In re McLean Indus., 87 B.R. 830 (Bankr. S.D.N.Y. 1987). However, not all of the Adelphia factors are relevant in every case and it is within the court's discretion to determine the relevancy and weight of each such factor. In re Hoffinger Indus., Inc., 292 B.R. 639, 644 (8th Cir. BAP 2003). Furthermore, although such factors are helpful, they serve

3

only as a guide and not as required standards for courts to use when determining whether an extension of the exclusive periods should be granted in a particular case. In re R&G Properties, Inc., 2009 WL 269696 (Bankr. Vt. 2009).

10. The Debtor respectfully submits that the Adelphia factors favor the Debtor's request for an extension of exclusivity. As noted above, the bankruptcy case is progressing on several fronts. The Debtor is paying required debt service pursuant to 11 U.S.C. § 362(d)(3), and is current on its reporting obligations with this Court and the U.S. Trustee.

11. The Debtor anticipates being in a better position to move forward with a plan of reorganization once the pending motions are resolved.

12. Accordingly, the Debtor submits that sufficient cause exists for granting an extension of exclusivity to preserve the status quo and lend stability to the case while this all unfolds.

**WHEREFORE,** the Debtor respectfully requests entry of an order consistent with the foregoing, together with such other and further relief as is just and proper.

Dated:   New York, New York
         July 29, 2016

                                    GOLDBERG WEPRIN
                                    FINKEL GOLDSTEIN LLP
                                    Attorneys for the Debtor
                                    1501 Broadway, 22nd Floor
                                    New York, NY 10036
                                    (212) 221-5700

                                    By: _____
                                        J. Ted Donovan